UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA ISIDRO-CALIXTRO, | Case No.  1:26-cv-04729  (VC) |
| Petitioner, | **ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ENTERING PRELIMINARY INJUNCTION** |
| v. | |
| ERNESTO SANTA CRUZ, *et al.*, | |
| Respondents. | Re: Dkt. No. 1 |

Petitioner moves for emergency relief arguing that her continued detention without the opportunity for a substantive bond hearing pursuant to 8 U.S.C. §1226(a) is unlawful. Dkt. No. 1 ¶¶ 19–24. For the reasons that follow, the Court converts the motion to a preliminary injunction and orders a bond hearing within 7 days.[1]

I.      **BACKGROUND**

Petitioner is a native of Mexico who entered the United States twenty-four years ago without inspection when she was twelve-years old. *Id*. ¶¶ 15–16.  Following this entry, she began living in Las Vegas, Nevada, attended school, and has since become the owner of a small business. *Id*. at 15. Based on the record before the Court, until her most recent detention, Petitioner was not encountered by immigration authorities at or near the border at the time of entry, and was not previously detained by the Department of Homeland Security. Dkt. No. 7-1 at 2–3.

Petitioner was arrested by U.S. Immigrations and Customs Enforcement ("ICE") on June 9, 2026 after an arrest for driving under the influence in early June. Dkt. 7 at 2. Respondents further contend that Petitioner was convicted in 2013 for driving under the influence. *Id*.

---

[1] In setting a deadline for Respondents to oppose the motion, the Court directed them to indicate whether they oppose the conversion of this motion to one for a preliminary injunction. Dkt. No. 6. Respondents indicated in their response that they "do not oppose treating the motion for a temporary restraining order as a motion for a preliminary injunction." Dkt. No. 7 at 1.

Following her arrest, Petitioner was served with a Notice to Appear, charging her with inadmissibility under INA § 212 (a)(6)(A)(i) and placing her in removal proceedings under section 240 of the INA. Dkt. 7-1. at 3. Petitioner's next immigration hearing is scheduled for July 21, 2026 and is currently set as virtual, according to the Executive Office of Immigration Review docket. *See* https://acis.eoir.justice.gov/en/.

On June 21, 2026, Petitioner filed a petition for writ of habeas corpus alleging that her detention under 8 U.S.C §1225(b) is unlawful, and that Respondents failure to apply 8 U.S.C. § 1226(a) to justify her detention justifies immediate release. Dkt. No. 1 ¶¶ 19–24. She filed the instant motion several days later making the same argument. *See* Dkt. No. 5 at 4. In opposition to the motion, Respondents argue that Petitioner's "detention lies in §1225(b)[,]" but that if the Court rejects this argument, the proper remedy is a bond hearing under 8 U.S.C. § 1226(a). Dkt. No. 7 at 1–2.

## II.    DISCUSSION

Petitioner has raised serious questions going to the merits of her claim that she is being unlawfully detained under 8 U.S.C. § 1225(b), which Respondents contend serves as the basis for her detention. *Id*. This Court, and countless others throughout the district, have held that detaining a noncitizen under §1225(b) is unlawful where the individual has been living in the United States for many years and arrested in the interior of the country. *See, e.g.*, *Carranza-Guerrero v. Wofford*, No. 1:26-CV-03501 (VC), 2026 WL 1383382, at *1 (E.D. Cal. May 18, 2026) *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 (E.D. Cal. Oct. 27, 2025); *Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025).

The remaining temporary restraining order factors weigh heavily in Petitioner's favor. the [unlawful deprivation] of liberty is a ... severe form of irreparable injury." *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005). Thus, the misapplication of § 1225(b) causes

"immediate and irreparable injury." Dkt. 11 at 9, *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01874-SSS-BFM (C.D. Cal. July 28, 2025); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 940 (N.D. Cal. 2025). As for the balance of equities and the public interest factors of the temporary restraining order inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Though the Government has a strong interest in enforcing immigration laws, it has applied the wrong law to Petitioner. The Government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law. *Zepeda v. I.NS.,* 753 F.2d 719, 727 (9th Cir. 1983). As such, this factor also weighs in Petitioner's favor.

As for the appropriate remedy, Petitioner argues that her immediate release is warranted because she is being unlawfully detained under § 1225(b)(2). Dkt. No. 5 at 6–7. Respondents, however, maintain that if the Court rejects its § 1225(b)(2) argument, the appropriate remedy is to proceed under § 1226(a) and order a bond hearing before an immigration judge. Dkt. No. 7 at 2.

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Once detained, a noncitizen is entitled to request a custody redetermination hearing before an Immigration Judge, who then may "release the alien on bond … or conditional parol[.]" 8 U.S.C. § 1226(a)(2)(A) – (B); 8 C.F.R. § 1003.19(a) – (b). Immediate release, however, is not required under § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under 8 U.S.C. § 1225(b), but otherwise brings no additional due process claims. Where the Government provided no statutory authority for the petitioner's detention aside from § 1225(b), or failed to follow the requirements under § 1226(a) in detaining the petitioner, courts have found that release was appropriate. *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C.*, 2026 WL 70553, at *7 (same);

*J.A.C.P.*, 2025 WL 3013328, at *7–8 (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations in issuing a warrant before arresting petitioner). In other instances where the Government arrested the individual pursuant to a valid warrant, but otherwise refused to provide the Petitioner with a § 1226(a) bond hearing, courts have denied release, but ordered that the petitioner be provided a § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Ixcox Chum v. Lyons*, No. 1:26-CV-02491-KES-EPG, at *1 (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Here, the record reflects that Respondents issued a warrant for Petitioner's arrest prior to detaining her. Dkt. No 7-1 at 5. She has not challenged the validity of this warrant. Further, Respondents seem to concede that Petitioner may be afforded a § 1226(a) bond hearing. *See* Dkt. No. 7 at 2. Under these circumstances, the Court finds that the appropriate remedy is a prompt, § 1226(a) bond hearing, rather than immediate release.

## III.    CONCLUSION AND ORDER

In accordance with the above, IT IS HEREBY ORDERED THAT:

1.    Petitioner Aurora Isidro-Calixto be provided a bond hearing within seven (7) days of this order pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, unless Petitioner consents to a bond hearing at a later date. Petitioner shall be released if she is not afforded a bond hearing within that time frame. Petitioner shall be timely notified of the date and time of her hearing and be allowed to have counsel present.

2.      Respondents shall file a status report once the bond hearing has been held. The status report should include the Immigration Judge's decision.

3.      The Court vacates its prior briefing schedule on the Petition. By August 7, 2026, Respondents are ordered to show cause, in writing, why the Court should not grant the petition and enter judgement in favor of Petitioner. Petitioner may file a reply by August 21, 2026.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____
VINCE CHHABRIA
United States District Judge